THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS SOTO, JOSEPH CALDERON and GEORGE ALVAREZ, Appellants, et al., Defendants.— We have carefully reviewed the record and the reports of the probation department submitted to the trial court before sentences were imposed. We are fully aware of the seriousness of the crimes which appellants committed and of the crimes of which they were convicted. In view, however, of the extreme youth of these defendants we feel that the ends of justice would be served by modification of the judgments in the following manner. As to the defendant, Thomas Soto, the judgment is modified, in the exercise of discretion by providing that the sentence of not less than fifteen years nor more than thirty years imposed, upon his conviction of robbery, first degree, and the sentence of not less than five years nor more than ten years imposed, upon his conviction of assault, first degree (Indictment 1042 of 1950), shall be served concurrently and not consecutively with each other and concurrently and not consecutively with the sentence of not less than fifteen years nor more than thirty years imposed, upon his conviction by a plea of guilty of robbery, first degree (Indictment 1039 of 1950), and as so modified the judgment is in all other respects affirmed. As to the defendant, Joseph Calderon, the judgment is modified, in the exercise of discretion, by providing that the sentence of not less than five years nor more than ten years imposed, upon his conviction of assault, first degree, and the sentence of additional punishment imposed pursuant to section 1944 of the Penal Law of not less than five years nor more than ten years shall be served concurrently and not consecutively with each other and concurrently and not consecutively with the sentence of not less than fifteen years nor more than thirty years imposed upon his conviction of robbery, first degree, and as so modified the judgment is in all other respects affirmed. As to the defendant, George Alvarez, the judgment is modified, in the exercise of discretion, by providing that the sentence of not less than five years nor more than ten years imposed, upon his conviction of assault, first degree, and the sentence of additional punishment imposed pursuant to section 1944 of the Penal Law of not less than five years nor more than ten years shall be served concurrently and not consecutively with each other and concurrently and not consecutively with the sentence of not less than fifteen years nor more than thirty years imposed upon his conviction of robbery, first degree, and as so modified the judgment is in all other respects affirmed. Settle order. Present — Cohn, J. P., Breitel, Bastow, Botein and Bergan, JJ.

RAUL INTERNATIONAL CORP., Respondent, v. HOWARD MORRISON CORP. et al., Appellants.— Orders unanimously affirmed, with $20 costs and disbursements to the respondent, with leave to the defendants to serve a second amended answer repleading the second and third affirmative defenses. The complaint states a cause of action for conversion. If the defendants seek to replead the second and third affirmative defenses it is requisite that the agreement between the parties, if one is claimed to have been made, should be set forth with sufficient detail to show the legal effect of the laws of Argentina upon the performance or enforcement of the alleged agreement. Although it is not necessary to set out the evidentiary facts, enough must be stated to show the legal effect of the foreign law or statute upon which the defenses depend. Present — Peck, P. J., Dore, Cohn, Breitel and Bastow, JJ.