**UNITED STATES of America ex rel. George ALVAREZ, Relator-Appellant,**

v.

**Robert MURPHY, Warden of Auburn Prison, Auburn, New York, Respondent-Appellee.**

No. 224, Docket 25432.

United States Court of Appeals Second Circuit.

Argued Feb. 3, 1959.

Decided April 2, 1959.

Nathan Kestnbaum, New York City, for relator-appellant.

Irving Anolik, Asst. Dist. Atty., New York City (Louis J. Lefkowitz, Atty. Gen. of the State of New York, Daniel V. Sullivan, Dist. Atty., Bronx County, New York City, Paxton Blair, Sol. Gen., Albany, N. Y., Michael Freyberg, Asst.

Atty. Gen., New York City, and Walter E. Dillon, Asst. Dist. Atty., New York City, on the brief), for respondent-appellee.

Before CLARK, Chief Judge, MADDEN, Judge, United States Court of Claims,* and HINCKS, Circuit Judge.

PER CURIAM.

Relator has asserted that his confession received in evidence against him at his trial in New York was obtained by the police severely beating him. On a previous appeal, United States ex rel. Alvarez v. Murphy, 2 Cir., 246 F.2d 871, we reversed an order summarily denying relator's petition and remanded the case for a hearing, because the petition alleged important evidence corroborating his claim which had not been presented at the state court trial. Such hearing has now been had; and this evidence showed, as the petition alleged, that several hours after this beating allegedly occurred the prison doctor and relator's trial attorney observed numerous black and blue marks on his back and arms and some damage to his ear. It is true, as Judge Brennan observed, that it is not "beyond the realm of reason that the evidence of injuries and the outcries of the petitioner, testified to upon the trial, were of the defendant's own making or the result of actions other than police brutality." But rather than specifically finding that relator's testimony before him was untrue, the judge ultimately grounded his decision on the assessment of relator's credibility made by the state court trial judge and jury.

We are constrained to hold that this falls short of the finding our previous mandate required. At the hearing held below the district judge had before him a more complete view of the facts than was presented at the New York trial. Hence he is best able to determine the true facts surrounding Alvarez's confession. Indeed there would be little meaning to our direction for a hearing on new evidence if the former determination were to control despite the actual existence of the new evidence alleged. Accordingly we feel we must have Judge Brennan's independent findings of fact, and it is not wise in a case of this importance to attempt to draw conclusions as to what he may have had in mind in view of the result he reached. The order below is therefore vacated and the cause remanded for such findings, with or without a further hearing as the judge may determine.

Vacated and remanded.