**UNITED STATES of America ex rel. George ALVAREZ, Petitioner-Appellant,**

**v.**

**Robert MURPHY, Warden of Auburn Prison, and The People of the State of New York, Respondents-Appellees.**

**No. 193, Docket 25759.**

United States Court of Appeals Second Circuit.

Argued Jan. 6, 1960.

Decided April 13, 1960.

Nathan Kestnbaum, New York City, for petitioner-appellant.

Irving Anolik, Asst. Dist. Atty., New York City, County of Bronx (Louis J. Lefkowitz, Atty. Gen., State of New York, Isidore Dollinger, New York City, Dist. Atty., County of Bronx, Michael Freyberg, Asst. Atty. Gen., State of New York, on the brief), for respondents-appellants.

Before LUMBARD, Chief Judge, and MOORE and FRIENDLY, Circuit Judges.

MOORE, Circuit Judge.

Relator appeals from a decision and order of the district court dated May 20, 1959 discharging a writ of habeas corpus. A brief résumé of the various court reviews of this case from conviction to date is desirable to provide a background for this decision.

In January 1951 relator was found to be guilty by a jury in Bronx County, New York, of the crimes of robbery first degree, assault first degree and of violation of § 1944, New York Penal Law (committing crime while armed). He claimed upon the trial that a confession used against him had been obtained by coercion, i. e., by his having been beaten by detectives. This issue was submitted to the jury which convicted him. The conviction was affirmed upon appeal (People of State of New York v. Soto [Alvarez], 282 App.Div. 1042, 126 N.Y.S. 2d 896 leave to appeal to the New York Court of Appeals denied). Thereafter relator by writ of error *coram nobis* in the New York courts sought to vacate his conviction on the ground that he had been denied due process. The motion was denied and the Appellate Division affirmed (People of State of New York v. Alvarez, 1 A.D.2d 660, 147 N.Y.S.2d 681). Leave to appeal to the New York Court of Appeals was denied as was certiorari (351 U.S. 955, 76 S.Ct. 853, 100 L.Ed. 1478).

Relator then applied to the United States district court for a writ of habeas corpus which was denied without a hearing. This court reversed and remanded for a hearing so that "the additional proof which petitioner seeks to offer should be heard by the District Judge on the issue of whether the confession of Alvarez was the result of coercion and brutality" (2 Cir., 246 F.2d 871, 875). A hearing was then held upon which relator was represented by counsel as he had been upon the original trial and throughout the ensuing proceedings. Relator's counsel for purposes of the hearing had the right to call by subpoena or otherwise such persons to testify in relator's behalf as in his judgment would aid relator's cause. In the exercise of this privilege and presumably in accordance with good judgment and trial strategy he called only relator and relator's original trial counsel. No subpoena was quashed; no witness called was not allowed to testify. The trial judge also had before him the trial record and the

*coram nobis* record in the state courts together with the briefs in support thereof. He saw and heard the relator who "gave every evidence of an intelligent, shrewd, experienced individual," whose "schooling consisted of nine years in the public schools" and who was "versed in police work by his attendance at a police school." Although the trial judge was mindful under the law that he should "make its [his] own independent examination of the record and independent determination on the undisputed facts as to whether or not the constitutional standards of fundamental fairness under the Fourteenth Amendment have been violated" and did consider both the testimony on the hearing itself and on the trial, nevertheless his opinion was so written as to give this court (on review) the impression that "the judge ultimately grounded his decision on the assessment of relator's credibility made by the state court trial judge and jury." Because "At the hearing held below the district judge had before him a more complete view of the facts than was presented at the New York trial [and hence was] best able to determine the true facts surrounding Alvarez's confession," the cause was remanded "for such findings, with or without a further hearing as the judge may determine" (2 Cir., 1959, 265 F.2d 497, 498).

In his opinion upon remand the trial judge stated that it was "entirely an oversight that the prior decision failed to state directly that the conclusion reached was the result of his independent investigation and appraisal," and found "as a result of an independent inquiry examination and appraisal of the state court's record herein and of all the exhibits and testimony offered upon the hearing held by this court that the relator has failed to bear the burden of establishing that the admissions or confessions made by him as they appear in the record of the state court trial were obtained by coercion or in violation of his fundamental rights."

The appellate questions here are, first, whether the federal trial judge has af-

forded relator an opportunity to present facts outside of the state court record and, second, whether independently of any factual conclusions disclosed by that record, upon all the facts he has reached conclusions which this court should not disturb.

The hearing now under review was held upon remand by this court so that "the additional proof which petitioner seeks to offer should be heard by the District Judge on the issue of whether the confession of Alvarez was the result of coercion and brutality" (246 F.2d 871, 875). After seeing and hearing Alvarez himself and his state court trial counsel, after receiving a jail medical report, and after Alvarez's counsel had an opportunity to offer evidence on the issue of coercion, the trial judge concluded as a matter of fact that the admissions or confessions in the state court trial were not obtained by coercion or in violation of his [Alvarez's] fundamental rights. It cannot be said that the trial judge shirked his duty to resolve disputed fact questions. To the contrary he was quite aware of the dispute. A reading of his opinion discloses that he accepted this responsibility and rested his independent determination upon all the evidence before him on the federal court hearing. Having done so, he satisfied the federal requirements. In arriving at the factual conclusions, he should be entitled to the benefit of that recognition which should be accorded to "the superior opportunity of the trial court and jury to observe the witnesses and weigh the fleeting intangibles which may indicate truth or falsehood" (Thomas v. State of Arizona, 1958, 356 U.S. 390, 403, 78 S.Ct. 885, 892, 2 L.Ed.2d 863. Here the judge did receive new additional evidence and upon the entire record made his own findings of lack of coercion.

The role of the federal district court is well defined in Wade v. Mayo, 1948, 334 U.S. 672, 683–684, 68 S.Ct. 1270, 1276, 92 L.Ed. 1647. There the question was whether the defendant was denied due process because of the refusal of the state court to appoint counsel to represent him on the trial. Upon the hearing the district court found that the defendant "was an inexperienced youth incapable of adequately representing himself even on a trial which apparently involved no complicated legal questions." The Court of Appeals reversed but the Supreme Court reinstated the judgment of the district court, saying, "This is a judgment which is peculiarly within the province of the trier of the facts, based upon personal observation of Wade. And we do not find that the District Court's determination was clearly erroneous." So here, after the same opportunity for "personal observation," the district court has found upon all the evidence that there was "an entire lack of any of the elements" for holding the confession to be involuntary. In contrast to the "inexperienced youth" of the Wade case the trial judge observed Alvarez to be "an intelligent, shrewd and experienced individual" who, both at the trial and hearing "displayed no evidence of timidity." If the Supreme Court's opinion as to the reliance to be placed upon the district court's findings is to have meaning and practical application, it would appear to call for similar recognition here.

Accordingly, the order of the district court dismissing the writ is affirmed.

LUMBARD, Chief Judge (dissenting).

The legal question before us is whether a federal district judge should resolve disputed questions of fact after he has held a hearing upon a petition for a writ of habeas corpus brought by a state prisoner or whether the judge, even after an opportunity to listen to the witnesses and evaluate their credibility, must decide if there has been any violation of a petitioner's constitutional rights solely by consideration of the undisputed facts.

The task faced by a district judge when he has held a hearing upon a petition for habeas corpus is somewhat different than that faced by a federal court when it has before it only a state court transcript or that of the Supreme Court upon direct review of a state court conviction. Upon direct review or in habeas

corpus when the only record is that made in the state court, the federal tribunal is bound by the state judge's or jury's determination of the historical facts. Only the undisputed facts may be considered in deciding whether the conviction is consistent with the requirements of the federal Constitution. "The rationale behind such exclusion, of course, lies in the superior opportunity of the trial court and jury to observe the witnesses and weigh the fleeting intangibles which may indicate truth or falsehood." Thomas v. State of Arizona, 1958, 356 U.S. 390, 403, 78 S.Ct. 885, 892, 2 L.Ed.2d 863; see Watts v. State of Indiana, 1949, 338 U.S. 49, 69 S.Ct. 1347, 93 L.Ed. 1801; Gallegos v. State of Nebraska, 1951, 342 U.S. 55, 72 S.Ct. 141, 96 L.Ed. 86.

When a federal judge has held a hearing and has himself had the opportunity to listen to the witnesses and weigh their credibility, the rationale of the Thomas decision, and of the many other cases arising solely upon state records, is not applicable. After a hearing it is the duty of the district judge independently to determine the historical facts, whether these facts are disputed or undisputed. The task is most crucial in a case such as that before us, where the state court determination was that of a jury which rendered a general verdict and where evidence not presented to the jury was before the federal judge.[1] Congress has directed that the federal judge shall resolve factual disputes in these circumstances, for it has said that "the court shall summarily hear and determine the facts." 28 U.S.C. § 2243. We have ourselves recognized the duty to resolve factual disputes. United States ex rel. Sileo v. Martin, 2 Cir., 1959, 269 F.2d 586, 591; cf. Cranor v. Gonzales, 9 Cir., 1955, 226 F.2d 83, certiorari denied, 1956, 350 U.S. 935, 76 S.Ct. 307, 100 L.Ed. 816. As I understand the majority opinion in the present case, it too recognizes this duty of a federal district court after a

hearing to resolve contested questions of fact.

The majority says, however, that Judge Brennan was aware of the factual contest in this case and carried out his duty to make independent findings upon the disputed facts. Such a reading of Judge Brennan's opinion is contrary to the plain statements in it and in his earlier opinions in this litigation.

In the second of his three opinions in this case Judge Brennan states it to be his duty after a hearing "to make [his] own independent examination of the record and independent determination on the *undisputed* facts as to whether or not the constitutional standards of fundamental fairness under the Fourteenth Amendment have been violated." (Emphasis added.) A few sentences later he observes that "the *undisputed* facts are crucial in the determination to be made." (Emphasis added.) If these statements are insufficient to show the trial judge's misunderstanding of the proper approach to the problem before him, we need only turn to his most recent decision, from which the present appeal is taken. "The existence of bruises or marks on relator's back," the opinion states, " * * * was a disputed fact clearly outlined in the trial record. * * * The testimony of Attorney Dunn at the hearing of May 9, 1958 in no way eliminates that dispute. * * * All of the additional evidence offered is so interlocked with the disputed question of coercion as to be a part thereof. Disputed fact questions afford no basis for relief in this court. (Thomas v. [State of] Arizona, 356 U.S. 290 at [pages] 402–403 [78 S.Ct. at pages 891–892].)" How my brothers can say in the face of these plain words that the trial judge carried out his duty to resolve disputed fact questions I cannot understand. Plainly, the Thomas case relied upon by the district court— and cited by my brothers—is not relevant

---

1. Compare United States ex rel. Rogers v. Richmond, 2 Cir., 1959, 271 F.2d 364, certiorari granted 1960, 361 U.S. 959, 80 S.Ct. 605, 4 L.Ed.2d 541, where, under Connecticut practice, the state court judge had made specific findings of fact on the issue of coercion.

in these circumstances as there, there was only a state court record before the Supreme Court. It is hard to imagine a clearer statement by the district court of its failure to appreciate its duty to resolve such contested issues when a federal hearing has been held and full opportunity afforded the district judge to weigh the credibility of the witnesses.

The charge asserted in relator's petition is a grave one. It is that his confession, virtually the only evidence against him at trial, was obtained by methods violative of the federal Constitution. In affirming the dismissal of such a claim, we should be certain that the district court applied the proper legal standards in determining the facts. I think the only proper course is to reverse the judgment of the district court discharging the writ and to remand the case with instructions to decide the claim of coercion after resolution of the factual disputes presented by the whole record, which includes the evidence given at the hearing before the district court.