■ MICHAEL HARMONAY CORPORATION, Plaintiff, v. BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF NEW ROCHELLE, Defendant and Third-Party Plaintiff-Appellant. BERNARD ASSOCIATES NO. 3, INC., et al., Third-Party Defendants-Respondents.— In an action by the prime contractor for the heating and ventilating work on a school construction job, against defendant, the Board of Education of the City School District of New Rochelle, for damages resulting from delays caused by said board, in which the board served a third-party complaint against the general contractor and its surety, the board, as third-party plaintiff, appeals from an order of the Supreme Court, Westchester County, dated March 13, 1962, which, on motion of the third-party defendants, stayed the third-party action until arbitration has been had in accordance with the school construction contract between the board and the general contractor. Order affirmed, with $10 costs and disbursements (see *Matter of Board of Educ. City School Dist. of New Rochelle* v. *Bernard Associates No. 3*, 11 A D 2d 1038). Beldock, P. J., Kleinfeld, Christ, Hill and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM G. CARROL, Appellant.— Appeal by defendant from a judgment of the County Court, Westchester County, rendered February 24, 1961 after a jury trial, convicting him of burglary in the third degree, grand larceny in the first degree, and grand larceny in the second degree and imposing sentence. Judgment affirmed. The question presented is whether a statement or confession given by defendant was admissible in evidence. Defendant had been arrested in connection with three burglaries. Subsequently his wife was found by the police driving an automobile in which some of the stolen articles were discovered. She was taken to the police station, and defendant was advised by the police that, if he gave a statement implicating himself in the crimes, his wife would be released and no charges would be pressed against her. The court admitted the statement in evidence but left to the jury the question of whether or not it had been made voluntarily. In our opinion, whether the statement was voluntarily given or whether it was coerced by the promise of the police to release defendant's wife, presented a question of fact for the jury; and, under the circumstances, it was not inadmissible as a matter of law (*Stein* v. *New York*, 346 U. S. 156, affg. *sub nom. People* v. *Stein*, 303 N. Y. 856). Beldock, P. J., Ughetta, Brennan, Hill and Rabin, JJ., concur.