Order affirmed in the following memorandum: Although defendant on the trial of an indictment charging murder first degree was permitted unrestricted inquiry into the conditions under which a purported confession was obtained by the police, he seeks in this coram nobis proceeding a fresh inquiry into the same subject, alleging the confession was coerced. Extensive cross-examination was allowed at the trial of the witness on whose testimony the introduction of the confession was based, and counsel for defendant took such procedural steps relating to the confession as they deemed proper. The judgment of conviction for murder in the second degree resulting from the original trial was affirmed on appeal (11 A D 2d 754, 9 N Y 2d 999). No basis for an entirely new examination into the subject of the conditions under which the confession was taken now exists. (People v. Howard, 12 N Y 2d 65.) The recent decisional law of the United States does not require a different rule than that reaffirmed in Howard. (See Rogers v. Richmond, 365 U. S. 534; Townsend v. Sain, 372 U. S. 293 [1963] ; Fay v. Noia, 372 U. S. 391.) One adequate examination into a purported deprivation of constitutional rights, either by our own exacting standards in New York or by the criteria established by the Supreme Court of the United States (e.g., Townsend v. Sain, supra), is sufficient to the purpose. No hearing was required on the facts alleged in this petition.
Concur: Chief Judge Desmond and Judges Dye, Fuld, Van Voorhis, Burke, Scileppi and Bergan.