**UNITED STATES of America ex rel. William G. CARROL, Petitioner-Appellant,**

v.

**Robert E. MURPHY, Warden of Auburn State Prison, Auburn, New York, Respondent-Appellee.**

**No. 480, Docket 28764.**

United States Court of Appeals Second Circuit.

Submitted June 2, 1964.

Decided June 8, 1964.

William G. Carrol, pro se.

Amy Juviler, Asst. Atty. Gen., Louis J. Lefkowitz, Atty. Gen., of the State of New York (Samuel A. Hirshowitz, First Asst. Atty. Gen., Barry Mahoney, Deputy Asst. Atty. Gen., on brief), for appellee.

Before FRIENDLY, KAUFMAN and MARSHALL, Circuit Judges.

PER CURIAM.

William G. Carrol, now serving a New York sentence for burglary and grand larceny, petitioned the District Court for the Northern District of New York for a writ of habeas corpus on the ground that his conviction, affirmed by the Appellate Division in People v. Carrol, 18 A.D.2d 934, 238 N.Y.S.2d 558 (2d Dept.1963), resulted in part from the admission of a confession allegedly made in order to procure the release of his wife from custody. Judge Foley dismissed the petition, initially on the ground of failure to complete the New York appellate process and later, after a petition for reconsideration had disclosed that leave to appeal to the Court of Appeals had been denied on the merits, on the basis that *coram nobis* might be available in New York.

■■ The proceedings in the New York courts subsequent to our decision, on rather similar grounds, in United States ex rel. Martin v. Murphy, 2 Cir., 319 F.2d 897 (1963), order vacated June 1, 1964, demonstrate the unavailability of *coram nobis* in New York in cases where, as here, the voluntary character of a confession had been fully litigated at the criminal trial. See People v. Howard, 12 N.Y.2d 65, 236 N.Y.S.2d 39, 187 N.E.2d 113 (1962); People v. Liss, 14 N.Y.2d 570, 248 N.Y.S.2d 660, 198 N.E.2d 45 (1964). Indeed, the state does not dispute this. The issue on the merits is serious, relator contending that he had been held for 46 hours and confessed only in order to procure the release of his wife in whose car stolen goods had been planted, and the state responding that the delay in relator's arraignment was sought by his own counsel, that there were good grounds for suspecting the wife and taking her into custody, and that the confession was made on the advice of relator's lawyer. Although all this was developed in the state criminal trial, the general verdict of the jury is not conclusive. Haynes v. Washington, 373 U.S. 503, 515–516, 83 S.Ct. 1336, 10 L.Ed. 513 (1963). We do not wish to decide this issue without further proceedings before the district judge. Accordingly we reverse the order dismissing the petition and remand for appropriate findings and conclusions by the District Court, either on the basis of the state court record alone or on taking further evidence if the judge considers that this would be helpful in resolving disputed factual issues.

Reversed and remanded.