**UNITED STATES of America ex rel. Keese MILFORD, Relator,**

v.

**Daniel McMANN, Warden of Clinton Prison, Respondent.**

**No. 10213.**

United States District Court
N. D. New York.

July 27, 1964.

Keese Milford, pro se.

No appearance for respondent.

BRENNAN, District Judge.

The application of the above named state court prisoner for a writ of habeas corpus appears to directly raise the contention advanced and decided in the recent United States Supreme Court decision of Jackson v. Denno, 84 S.Ct. 1774, decided June 22, 1964.

The petitioner was brought to trial apparently upon a homicide charge in Manhattan County Court in December 1946. It is readily inferred that he was found guilty of some degree of homicide and was sentenced on January 24, 1947. The petition does not disclose the exact crime charged or the length of the sentence of confinement imposed. The judgment was affirmed by the Appellate Division in January 1948. People v. Milford, 273 App.Div. 809, 76 N.Y.S.2d 544. Permission to appeal to the Court of Appeals was denied. The United States Supreme Court denied certiorari on October 11, 1948. Milford v. New York, 335 U.S. 831, 69 S.Ct. 17, 93 L.Ed. 385. A motion in the nature of coram nobis was made by petitioner in 1949. Relief was denied without a hearing. There is no allegation as to the questions raised in that proceeding or that an appeal was taken from the adverse decision.

Petitioner sets out in some detail the actions of unnamed police officers who, a short time after his arrest, allegedly inflicted physical punishment upon his person as the result of which "a confession was obtained" which was allowed in evidence at the time of petitioner's trial. It appears from the letter of transmittal that the so-called confession was not in writing but apparently consisted of oral

statements made by the petitioner to the police prior to arraignment.

Petitioner's contention, here, is addressed specifically to the alleged unconstitutional procedures of the New York court in the matter of the submission to the jury of the ultimate decision as to the voluntariness of his purported confession. He alleges that there was no preliminary evaluation by the trial judge of the circumstances under which the alleged confession was made and he cites the decision in Jackson v. Denno, supra, as authority for the relief which he requests. Of course underlying the specific contention, referred to above, is the claim that his statements made to the police were the product of coercion and that the use of same upon the trial invalidated his subsequent conviction.

■ Interpreting the present petition in a liberal manner, as we are required, there would seem to be no doubt that petitioner brings his claim for relief within the holding in Jackson v. Denno, supra. The question then arises as to whether or not the petitioner has available, under the above holding, a remedy in the courts of the State of New York which would preclude consideration of the problem by this court until such remedy, including all appellate reviews, has been exhausted.

■ The areas in which a federal court may act by way of habeas corpus, in state court criminal proceedings, have been greatly broadened and appear to become more confused as appellate decisions are made. Jackson v. Denno, supra, is interpreted by the undersigned to hold that the procedure which has been in use in the New York State courts as to the admissibility of alleged coerced confessions in criminal trials is constitutionally invalid. An ultimate finding of voluntariness of such confessions is one for the court which must be determined at a full hearing prior to permitting the jury, which must ultimately decide the defendant's guilt, to consider the weight to be given thereto.

■ The procedure to be followed when, as here, a petition raising the principle of law referred to above is first presented to a federal court, is not made entirely clear. There would seem to be no question but the federal court may not consider the merits of the petition until a remedy is sought in the state court. The last paragraph of the Jackson decision, read literally, seems to hold that if a hearing upon the question involved or a new trial is not granted by the state within a reasonable time after application therefor is made, then the applicant is entitled to his release by the federal court upon a proper showing of the state's default. The language in the decision, to the effect that the proceedings "should occur initially in the state courts rather than in the federal habeas corpus court" and that New York "should first" provide the required hearing, seems to raise a question but that the federal court must afford the required hearing if same is denied in the state court.

The question, referred to above, becomes of practical importance in this two judge district with a state prison population of about six thousand, especially in view of the expressed reluctance of the state court to extend the scope of post-conviction review, People v. Wilson, 13 N.Y.2d 277, 246 N.Y.S.2d 608, 196 N.E.2d 251; People v. Howard, 12 N.Y.2d 65, 236 N.Y.S.2d 39, 187 N.E.2d 113 followed in People v. Liss, 14 N.Y.2d 570, 248 N.Y.S.2d 660, 198 N.E.2d 45; United States. ex rel. Weinstein v. Fay, U.S.Ct. of Appeals, Second Circuit, July 2, 1964, 333 F.2d 815. At this stage of the proceeding, however, the court will rest upon the following quotation from Jackson v. Denno—"We cannot assume that New York will not now afford Jackson a hearing that is consistent with the requirements of due process". In any event, the direction of the Supreme Court that the state court must be afforded the first opportunity to determine the question here involved seems to be mandatory and future proceedings may well be guided by authoritative decisions.

The above discussion requires the conclusion that the petitioner here must first seek a remedy in the state court, which precludes this court from assuming jurisdiction at this time, provided the decision in Jackson v. Denno is to be applied retrospectively.

Although the majority opinion in Jackson v. Denno does not specifically state that the principles laid down therein should be applied retrospectively, it is apparent from the dissenting opinions of Justices Black and Harlan that it is so construed. This court will follow such interpretations and if any question should arise as to such application, it also can be settled in the state court litigation.

The disposition of the Jackson petition made by the Supreme Court is not considered as required in all similar proceedings thereafter instituted. The practical effect of same would be to accumulate a great backlog of similar proceedings in this court awaiting final state court action which may be long delayed by hearings and appeals. The statute contemplates the prompt disposition of habeas corpus proceedings. Additionally, the bases of relief may well rest upon entirely different grounds than those presently advanced. The denial of the application at this time, not on the merits, would eliminate the involvement by the petitioner in two proceedings at the same time and no prejudice would result to him.

The application of the above named petitioner will be denied for the reason that the requested relief must be sought in the state court before this court may assume jurisdiction, and it is

Ordered the application be and the same is hereby denied and the Clerk is directed to file the petition without the requirement that fees therefor be prepaid.