**UNITED STATES of America ex rel. August Frank MAZZELLA, Petitioner,**

**v.**

**Daniel McMANN, Warden of Clinton State Prison, Dannemora, New York, Respondent.**

**Civ. No. 10223.**

United States District Court
N. D. New York.

Sept. 22, 1964.

Daniel H. Greenberg, New York City, for petitioner.

PORT, District Judge.

This is a petition for a writ of habeas corpus filed on behalf of a prisoner confined in Clinton State Prison, Dannemora, New York, serving a sentence of twenty years to life, imposed upon his conviction in the County Court of Orange County, New York of the crimes of kidnapping, robbery, grand larceny and assault.

Petitioner contends the conviction was obtained in violation of his constitutional rights, by reason of the use of a coerced confession on his trial.

The petition does not specifically question the then approved procedure used in the New York State Courts; since disapproved in Jackson v. Denno, 378 U. S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908.

The petition alleges the improper admission of the confession "in light of the cases decided by the United States Supreme Court and the United States Court of Appeals for the Second Circuit." That allegation is treated herein as at least inferentially, raising the question decided in Jackson.

The judgment of conviction was affirmed by the Appellate Division, 11 A. D.2d 723, 204 N.Y.S.2d 697. Leave to appeal was denied by Chief Judge Desmond of the New York State Court of Appeals. The United States Supreme Court denied certiorari, 365 U.S. 823, 81 S.Ct. 708, 5 L.Ed.2d 701.

Petitioner claims to have satisfied the exhaustion of remedies requirement by the above proceedings.

However, Jackson directs "It is New York, * * * not the federal habeas corpus court, which should first provide Jackson with that which he has not yet

had and to which he is constitutionally entitled—an adequate evidentiary hearing productive of reliable results concerning the voluntariness of his confession."

As a result of a conference of district attorneys of the greater New York area, a "White Paper concerning procedures for the admission into evidence at a trial of pre-arraignment inculpatory declarations by suspects, in the light of recent decisions of the United States Supreme Court" has been prepared by the New York District Attorney's office. The White Paper suggests avenues of review in the state courts. After judgment, it is, recommended that "if an appeal was taken and decided, the defendant should be permitted to raise the issue by a motion to reargue the appeal."

The procedure for the disposition in this district, of this application is determined by U. S. ex rel. Milford v. McMann, 231 F.Supp. 731 (7–23–64).

It is,

Ordered that the petition herein be and the same hereby is denied and dismissed, without prejudice.