**UNITED STATES ex rel. Floyd Edgar MARTIN, Petitioner,**

v.

**Hon. Robert E. MURPHY, Warden of Auburn Prison, Auburn, New York, Respondent.**

**Civ. A. No. 8131.**

United States District Court
N. D. New York.

Sept. 1, 1960.

Floyd Edgar Martin, petitioner, pro se.

Louis J. Lefkowitz, Atty. Gen., State of New York, for respondent; Raymond B. Madden, Asst. Atty. Gen., of counsel.

JAMES T. FOLEY, District Judge.

 This is another of the ever-increasing applications in this District

Court for a writ of habeas corpus that challenges a first degree murder conviction of New York. The ground or claim that necessitates serious appraisal under many recent federal rulings is that the conviction for the capital crime was obtained by the use of coerced confessions and involuntary statements extracted from the petitioner by the State Troopers of New York. Much has been written on the subject in the last six years by the Court of Appeals, Second Circuit, the evident impetus for such writing being the holding of the Supreme Court of the United States in Leyra v. Denno, 1954, 347 U.S. 556, 74 S.Ct. 716, 98 L.Ed. 948. In United States ex rel. Rogers v. Richmond, 2 Cir., 1959, 271 F.2d 364, 379, certiorari granted 361 U.S. 959, 80 S.Ct. 605, 4 L.Ed.2d 541, Chief Judge Clark (dissenting) lists the considerable body of precedent of the Second Circuit, and since then many more can be added. With all the writing, the principle is clear, although the yardstick to be applied is elastic, that the District Court must make an independent examination in each of these instances into the constitutional question of voluntariness and the serious and delicate judgment to be made must be based upon consideration of "the totality of circumstances". Fikes v. State of Alabama, 352 U.S. 191, 197, 77 S.Ct. 281, 284, 1 L.Ed.2d 246; United States ex rel. Eckwerth v. Denno, 2 Cir., 261 F.2d 511, certiorari denied 358 U.S. 945, 79 S.Ct. 355, 3 L.Ed.2d 353; United States ex rel. Petersen v. La Vallee, 2 Cir., 279 F.2d 396.

■ As is my custom in these State capital cases,—which now consume a substantial portion of my time and energy, although sworn and sitting as a United States District Judge,—I issued an order to show cause to the Attorney General of New York and the District Attorney of Wayne County, New York, why the writ should not issue. Assistant Attorney General Madden, in accordance therewith, filed an affidavit in opposition, but the present District Attorney of Wayne County, the judgment of conviction under attack being rendered before his time, did not appear or answer in any formal manner, nor did he answer my letters to furnish the trial record, if possible. I have obtained the trial record and briefs filed in the Court of Appeals, New York, from the State Law Library at Albany where they shall be returned. The petitioner apparently has the trial record because he refers to it throughout his petition.

The petitioner was found guilty as charged by a jury in Wayne County Supreme Court of murder, first degree, and sentenced on November 7, 1946 to be executed at Sing Sing Prison. He was defended at the trial by two court appointed counsel, who represented him on the appeal automatic because of the death penalty in the Court of Appeals, New York. The judgment of conviction was unanimously affirmed without opinion. People v. Martin, 1947, 296 N.Y. 982, 73 N.E.2d 563. Long after reargument was denied in the Court of Appeals and motion to amend remittitur denied. 7 N.Y.2d 941, 1960, 197 N.Y.S.2d 1029, 165 N.E.2d 585; 7 N.Y.2d 942. Petition for certiorari was denied. 362 U.S. 980, 80 S.Ct. 1068, 4 L.Ed.2d 1015. In the original appeal the notes of the State reporter prepared from the appeal papers do not disclose that the question of involuntary or coerced confessions was presented, but a reading of the trial record and the excellent brief filed by the assigned attorneys in that Court did raise and cover the question, thus satisfying the exhaustion of state remedies. (Points XI, XII, Brief of Defendant-Appellant, New York Court of Appeals).

On June 4, 1947, Governor Thomas E. Dewey commuted the death sentence to life imprisonment. Attached to the affidavit of the Assistant Attorney General is the statement of the Governor setting forth the humane considerations which prompted his decision, although he made clear his judgment that the proof upon the trial constituted overwhelming evidence in law that the petitioner was guilty as charged.

Two confessions were used against the petitioner at the trial. He was arrested

on July 30, 1946, at 3:15 p. m. for the shooting and killing of one Raymond Eugene Plyter; such killing allegedly occurring on the farm of petitioner's father on July 19, 1946. The first confession in narrative form consisting of seven pages, (identified in the State record as Exhibit 77), was signed by petitioner about 9:30 p. m. on July 30, 1946, the night of the afternoon of the arrest. The questioning was done at a State Police substation by the New York State Police and the agreed estimate of time of such questioning is about six and one-quarter hours. (Pages 863–878 Trial Record; pg. 88 Defendant-Appellant's Brief). He was not arraigned until the next afternoon, July 31, 1946, before a Justice of the Peace, approximately twenty-four hours after his arrest. While the petitioner was confined in the Wayne County Jail, the Troopers on August 6, 1946, then took a seventeen-page statement. (Ex. 79, pgs. 878–903 Trial Record). At that time the questioning was done by several troopers and the District Attorney, and taken down in question and answer form, and from the evidence commenced about 4:30 p. m. and was signed shortly after midnight of the same day, and witnessed by the District Attorney and two troopers. The estimate of the attorneys for the petitioner as to the time involved is roughly eight hours. (pg. 97, Defendant-Appellant's Brief).

I have read through the record of the trial. It is significant to me that the attorneys for the defendant, demonstrating competency and capability in the trial and by their briefing to the Court of Appeals, never suggested physical coercion in the taking of either statement. (Tr.Rec. 455–457; 475–476). The objections generally to the first statement were that it contained references to other crimes and was prejudicial, and to the second statement that the answers of the defendant were obtained by use of fear on the part of the defendant produced by persistent questioning of the troopers, and that the answers were put

in his mouth. I am aware that a process of interrogation can be so prolonged and unremitting, especially when accompanied by deprivation of refreshment, rest or relief, as to accomplish extortion of an involuntary confession. Stein v. People of State of New York, 346 U.S. 156, 184, 73 S.Ct. 1077, 97 L.Ed. 1522; Chambers v. State of Florida, 309 U.S. 227, 60 S.Ct. 472, 84 L.Ed. 716; Payne v. State of Arkansas, 356 U.S. 560, 78 S.Ct. 844, 2 L.Ed.2d 975. However, my discernment of the undisputed facts of the record concerning the two confessions creates no consciousness for me of unfair or overreaching police interrogation that violated due process. The statements have integrity by their own detail. In my judgment, the hours of questioning were not unduly long and transpired during reasonable hours. The reason for the taking of the second statement to correct inaccuracies of the first, as developed by later investigation, is to me a sound and intelligent one. In fact, there is no substantial difference in the statements regarding important elements of the commission of the crime. All in all, my conclusion is the same as that stated in United States ex rel. Eckwerth v. Denno, supra, 261 F.2d at page 514, that the confessions seem unquestionably the result of free choice rather than the product of sustained police pressures.

The petitioner did not take the stand at the trial either on the preliminary examination available as to the admissibility of the confessions or in defense. His present petition now states that he was deprived of food, but the trial record does not support that belated contention in any respect. As to the first statement, the testimony of the trooper uncontradicted in the record is that after the taking of the statement was started he asked the petitioner if he wanted to go and eat, and he declined, saying he was not hungry and wanted to get it over with. (Tr.Rec. 457.) There is nothing at all developed in the record or briefed in the Court of Appeals, New York, that

the defendant, while being questioned in the County Jail, was kept without food and drink.

 Questioning for a reasonable period of time and failure to arraign without unnecessary delay are not decisive factors in themselves in the determination as to involuntariness. United States ex rel. Corbo v. La Vallee, 2 Cir., 270 F.2d 513, 518; United States ex rel. Petersen v. La Vallee, 2 Cir., 279 F.2d 396; United States ex rel. Caminito v. Murphy, 2 Cir., 222 F.2d 698, 700–701; United States ex rel. Wade v. Jackson, 2 Cir., 256 F.2d 7, 15.

 I see no need for a hearing because the State record as made, in my judgment, is adequate in its coverage of the facts relating to this narrow issue of coerced confessions. The competent lawyers assigned to the petitioner developed all the pertinent facts as they saw fit to do so, satisfactory to my judgment. Unless the federal courts are to extend their surveillance in these delicate matters to differing or modern concepts of trial strategy, there are present no unusual circumstances for a hearing and repetition of the trial on that issue. Brown v. Allen, 344 U.S. 443, 445, 463, 465, 475, 73 S.Ct. 397, 97 L.Ed. 469; Thomas v. State of Arizona, 356 U.S. 390, 403, 78 S.Ct. 885, 2 L.Ed.2d 863. Although that is not my reason for the declination of the request for a hearing, there is unresolved conflict in the Court of Appeals, Second Circuit, when such hearing is held as to the approach to be made by the District Judge in his disputed or undisputed fact-finding mission. United States ex rel. Rogers v. Richmond, supra; United States ex rel. Alvarez v. Murphy, 2 Cir., 277 F.2d 304, petition certiorari filed May, 1960.

 Also, in my judgment, the charge of the Court on the question of voluntariness was fair and comprehensive. The Judge put it bluntly that if the jury did not find the confessions voluntary that would end their deliberations, because without the aid of the confessions the People could not secure a conviction. (Tr. 834.) The charge, as a whole, and the fact there was arraignment before the second confession was taken answer the claim of error as to a request to charge. Pg. 105 Defendant-Appellant's Brief; see United States ex rel. Petersen v. La Vallee, supra; Lyons v. State of Oklahoma, 322 U.S. 596, 601, 64 S.Ct. 1208, 88 L.Ed. 1481.

The petition is denied and dismissed on the merits. The papers shall be filed by the Clerk of this Court without the usual requirement for the prepayment of fee. Because of the many imponderables in these close factual situations, and the immense variety of viewpoint expressed by the federal appellate judges in relation thereto, I do hereby grant a certificate of probable cause to enable the petitioner to review this decision in the Court of Appeals, Second Circuit, if he be so advised. 28 U.S.C.A. § 2253. The right to proceed in forma pauperis is granted to the limited extent only that a notice of appeal from this decision, if so presented, shall be filed by the Clerk without the usual requirement for the prepayment of fee.

It is So Ordered.