Ftjld, J.
The defendant was convicted in 1955, following a trial at which he was represented by counsel, of several counts of robbery and assault. He took no appeal from the judgment of conviction. Six years later, however, he instituted this coram nobis proceeding, alleging, in effect, that a statement which the prosecution used at his trial had been procured from him. not only by force and threats but through interrogation, in the absence of counsel, after he had been indicted. The County Court to which the application was addressed denied the petition, holding that the defendant’s sole remedy was by appeal from the judgment of conviction. The Appellate Division, taking a different view, reversed and directed a hearing; after noting that post-indictment questioning of a defendant in the absence of an attorney violated his right to the assistance of counsel, the court concluded that such a violation entitled him to coram nobis relief.
It is not amiss, in approaching the problem posed by this appeal — the availability of coram nobis — to have in mind certain fundamental and guiding principles. As an abstract matter, there are few who would dispute the proposition that it is highly desirable that the law provide corrective process at any time for any substantial defect. There is, on the other hand, an unmistakable social value in putting an end to litigation at some point and there is, as well, an unmistakable social burden in affording unending corrective process for any defect. It was in an attempt to resolve these opposing interests that this court concluded that an application in the nature of a writ of error coram nobis is to be treated as an emergency measure born of necessity to afford a defendant a remedy against injustice when no other avenue of judicial relief is, or ever was, available to him. (See, e.g., People v. Sullivan, 3 N Y 2d 196, 198.) Since it may not be used as a substitute for an appeal from a judgment of conviction (see, e.g., People v. Schwartz, 12 N Y 2d 753; People v. Shapiro, 3 N Y 2d 203, 206; People v. Sullivcm, 3 N Y 2d 196, 199, supra ; *67 People v. Sadness, 300 N. Y. 69, 74; Matter of Hogan v. Court of General Sessions, 296 N. Y. 1, 6), it follows that it may not be employed to vacate a judgment even though, to quote from an opinion of this court, such judgment had been “ procured as the result of a trial during the course of which rulings were made in violation of constitutional right * * * if there was a right to review such rulings on an appeal from the judgment.” (Matter of Hogan v. Court of General Sessions, 296 N. Y. 1, 6, supra.)
The defendant before us seeks to avoid the impact of this basic rule by claiming that his attack upon the judgment is predicated not on a ruling at the trial but on denial of his right to counsel. It is quite true that, where an accused has actually been deprived of his right to assistance of counsel at trial, coram nobis lies even though an appeal could have been taken from the judgment of conviction. (See, e.g., People v. Silverman, 3 N Y 2d 200, 202; People v. Hannigan, 7 N Y 2d 317.) The reason for this is not hard to discern: the defendant’s right to appeal may be less than real .if counsel is not at hand to advise him of that right or to take the necessary steps to perfect and prosecute the appeal.
This does not, however, mean that the right to appeal is illusory, and coram nobis available as a post-conviction remedy, in every case where a violation of defendant’s right to counsel may have occurred. Thus, although we have sanctioned use of coram nobis where the defendant was convicted, following a plea of guilty or a verdict of guilt, when he was not represented by a lawyer and had not been advised of his right to one (see, e.g., Matter of Bojinoff v. People, 299 N. Y. 145; People ex rel. Sedlak v. Foster, 299 N. Y. 291; People v. Koch, 299 N. Y. 378), we have denied access to the writ where, even though he had no attorney and was not apprised of his right to counsel when he pleaded guilty, it appears that he was actually represented by a lawyer upon sentence. (See, e.g., Canizio v. New York, 327 U. S. 82; People v. Jardine, 11 N Y 2d 941; People v. Sileo, 3 N Y 2d 916; People v. Jones, 1 N Y 2d 665.) The fact that the defendant had an attorney upon the sentencing proceedings who could have moved to withdraw his guilty plea “ demonstrated ”, the Supreme Court observed in the Cani&io case (327 U. S., at p. 86), “ that even though [he] may not have had counsel at the beginning, he had counsel in ample time to take advantage of *68 every defense which would have been available to him originally. We think the record shows that [defendant] actually had the benefit of counsel. When that counsel took over [defendant’s] defense he could have raised the question of a defect in the earlier part of the proceedings.”
So in the case before us; the questioning to which the defendant alleges he- was subjected violated constitutional rights, including his right to the assistance of counsel (see People v. Waterman, 9 N Y 2d 561, 565), but, as Canizio and the other decisions cited establish, this fact alone does not entitle him to coram nobis relief. It must also appear that his right to raise the issue on appeal was substantially impaired. Consequently, since the defendant did have an attorney upon the trial who could have objected to the use of the statement and could thereby have fully protected his rights, he had counsel in ample time to raise the question of a defect in the earlier part of the proceedings. (See People v. Waterman, 9 N Y 2d 561, supra; People v. Di Biasi, 7 N Y 2d 544.) Orderly procedure required the defendant to object to the statement’s use and, if the ruling were against him, to test its correctness by appeal. It would introduce confusion in the administration of justice if defenses or objections which might have been made and reviewed on appeal could be reserved as grounds for collateral attack upon the judgment of conviction years after it was rendered. In other words, and we come back to our point of beginning, neither coram nobis nor any other post-conviction remedy may be employed to perform the office of an appeal.[1]
Nor may the circumstance that the trial antedated People v. Di Biasi (7 N Y 2d 544, supra) and People v. Waterman (9 N Y 2d 561, supra) be relied upon to effect an enlargement of the *69 scope of coram nobis. If our decision in Di Biasi or Waterman be regarded as declaring “ new ” law, it may not be applied retroactively to a case where the normal appellate process was either not invoked at all or was exhausted before the new rule was announced. (See People v. Muller, 11 N Y 2d 154, 156; see, also, People v. Friola, 11 N Y 2d 157, as to the necessity of objection.)
The order of the Appellate Division should be reversed and that of the Monroe County Court reinstated.
Chief Judge Desmond and Judges Dye, Froessel, Van Voorhis, Burice and Foster concur.
Order reversed, etc.

. The Appellate Division also held that the transcript of the defendant’s original trial, including his statement, was not made part of the record in the coram nobis proceeding and, consequently, that the County Court’s examination of it accentuated the need for a hearing. This misconceives the nature of coram nobis; as its ancient common-law title, quae coram nobis resident, signifies, the court which is called upon to correct its earlier judgment necessarily has before it the record of the original trial. (See 3 Blackstone’s Commentaries [Chitty ed.], p. 407, n. 3; People v. McCullough, 300 N. Y. 107, 110.) In any event, in view of our conclusion that the defendant’s allegations do not make out a case for coram nobis, there was no warrant for the Appellate Division’s action in directing a hearing.