UNITED STATES of America ex rel.
Floyd Edgar MARTIN, Relator-
Appellant,

v.

Robert E. MURPHY, Warden of Auburn
State Prison, Auburn, New York,
Respondent-Appellee.

No. 356, Docket 27990.

United States Court of Appeals
Second Circuit.

Argued May 28, 1963.

Decided July 2, 1963.

Charles A. Goldstein, Legal Aid Society, New York City (Anthony F. Marra, New York City, on the brief), for relator-appellant.

Sheldon Raab, Deputy Asst. Atty. Gen. of State of New York (Louis J. Lefkowitz, Atty. Gen., and Irving Galt, Asst. Sol. Gen., on the brief), for respondent-appellee.

Before WATERMAN, FRIENDLY and SMITH, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge.

Relator was convicted of first-degree murder in 1946; the sentence was later commuted to life imprisonment. His conviction was affirmed without opinion by the New York Court of Appeals, People v. Martin, 296 N.Y. 982, 73 N.E. 2d 563 (1947), rearg. denied, 7 N.Y.2d 941, 197 N.Y.S.2d 1029, 165 N.E.2d 585, motion to amend remittitur denied, 7 N.Y.2d 942, 197 N.Y.S.2d 1029, 165 N.E. 2d 585, cert denied, 362 U.S. 980, 80 S.Ct. 1068, 4 L.Ed.2d 1015 (1960). Seeking federal relief, he then turned to the District Court for the Northern District of New York, where his petition for a writ of *habeas corpus* was denied, 187 F.Supp. 395 (N.D.N.Y.1960). This Court ordered a remand on its own motion "for a determination whether the relator was timely notified of his right to counsel after arraignment." The District Court held a hearing and again denied the petition. 208 F.Supp. 562 (N.D.N.Y.1962). This appeal is taken from that order of denial.

In brief summary, the facts upon which relator seeks to invalidate his conviction as lacking due process of law are these: He was arrested on July 30, 1946 and interrogated for about six hours, after which he signed a lengthy confession of guilt. The next afternoon he was arraigned before a Justice of the Peace, with the local District Attorney present, and advised of his right to counsel, to which he replied that he would "wait until some time later before I have any lawyers". Relator apparently denies that he was so advised, although both of the officials present testified at the hearing before the Court below that they did advise relator of his rights and that re-

lator made the reply quoted above, and the Court so found. A week later, relator signed a second confession correcting inaccuracies in the first. It appears that he was given no further advice concerning his right to counsel at this time, although he was advised that he did not have to answer if he did not want to; counsel was not assigned until a later stage in the proceedings. Both of the confessions were admitted in evidence at the trial, over objection by the defense.

Recent decisions by the New York Court of Appeals have made it clear that a confession obtained after arraignment or indictment, without the accused having had the benefit of advice of counsel, cannot be properly used against him at trial in the courts of that state, at least in the absence of an intelligent waiver of the right at that time. People v. Rodriguez, 11 N.Y.2d 279, 229 N.Y.S.2d 353, 183 N.E.2d 651 (1962); People v. Meyer, 11 N.Y.2d 162, 227 N.Y.S.2d 427, 182 N.E.2d 103 (1962); People v. Waterman, 9 N.Y.2d 561, 216 N.Y.S.2d 70, 175 N.E.2d 445 (1961); People v. Di Biasi, 7 N.Y.2d 544, 200 N.Y.S.2d 21, 166 N.E.2d 825 (1960). Thus, it seems quite likely that if relator were now prosecuting an original appeal from his conviction, the state court would require a new trial. However, despite the favorable cast of the law of his state, relator has never pressed his present contentions to the New York courts by seeking a writ of error *coram nobis*. We recognize that it is not clear whether the New York courts will reach the same result on coram nobis that they might on an appeal. See People v. Howard, 12 N.Y.2d 65, 236 N.Y.S.2d 39, 187 N.E.2d 113 (1962). But we cannot assume that New York provides no post-conviction remedy in these circumstances. United States ex rel. Allen v. Murphy, 295 F.2d 385 (2 Cir., 1961). Thus, as there is a presently existing state remedy, which relator has failed to exhaust in seeking to test the validity of his conviction in the state courts, no federal relief is available. 28 U.S.C. § 2254; Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), United States ex rel. Kling v. LaVallee, 306 F.2d 199 (2 Cir., 1962).

The order denying the petition for a writ of *habeas corpus* must therefore be affirmed. We wish to note, however, that this disposition is without prejudice to relator's right to renew his petition in the District Court should relief be denied in the New York state courts. The questions of federal law presented by relator are not yet conclusively resolved. See Spano v. New York, 360 U.S. 315, 320, 79 S.Ct. 1202, 3 L.Ed.2d 1265 (1959), and the concurring opinions of Mr. Justice Douglas, 360 U.S. at 324, 79 S.Ct. at 1208, 3 L.Ed.2d 1265, and Mr. Justice Stewart, 360 U.S. at 326, 79 S.Ct. at 1209, 3 L.Ed.2d 1265.

Order affirmed.