UNITED STATES ex rel. Charles EMERICK, Petitioner-Appellant,

v.

Honorable Wilfred DENNO, as Warden of Sing Sing Prison, Ossining, New York, Respondent-Appellee.

No. 264, Docket 28514.

United States Court of Appeals Second Circuit.

Argued Jan. 14, 1964.

Decided Feb. 27, 1964.

Anthony F. Marra of The Legal Aid Society, New York City, for relator-ap-

**310**

pellant, Leon B. Polsky, New York City, of counsel.

Louis J. Lefkowitz, Atty. Gen., of State of New York, New York City, for respondent-appellee, Samuel A. Hirshowitz, First Asst. Atty. Gen., Irving Galt, Asst. Sol. Gen., Ronald J. Offenkrantz, Asst. Atty. Gen., of counsel.

Before SWAN, MOORE and SMITH, Circuit Judges.

PER CURIAM:

This is an appeal from dismissal without evidentiary hearing of relator's application for a writ of habeas corpus. The district judge granted a certificate of probable cause and leave to appeal *in forma pauperis*. The Legal Aid Society is entitled to our thanks for its able presentation of appellant's case.

Emerick was convicted in a state court, after a jury trial, of grand larceny in the second degree. He was sentenced in 1959 to a term of imprisonment of 5 to 10 years in a state prison. He did not appeal from the judgment of conviction, nor has he applied for a writ of error *coram nobis*.

Judge Metzner, whose opinion is reported in D.C.N.Y., 220 F.Supp. 890, held that state remedies had been exhausted, because from an examination of recent New York decisions he concluded that *coram nobis* would not succeed. In U. S. ex rel Martin v. Murphy, 2 Cir., 319 F.2d 897, 898, this court said:

"We recognize that it is not clear whether the New York courts will reach the same result on coram nobis that they might on an appeal. See People v. Howard, 12 N.Y.2d 65, 236 N.Y.S.2d 39, 187 N.E.2d 113 (1962). But we cannot assume that New York provides no post-conviction remedy in these circumstances. United States ex rel. Allen v. Murphy, 295 F.2d 385 (2 Cir., 1961). Thus, as there is a presently existing state remedy, which relator has failed to exhaust in seeking to test the validity of his conviction in the state courts, no federal relief is

available. 28 U.S.C. § 2254; Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), United States ex rel. Kling v. LaVallee, 306 F.2d 199 (2 Cir., 1962)."

In order to prove that he has no state remedy, we think a state prisoner must seek a writ *coram nobis*. Accordingly, we affirm dismissal of the writ of habeas corpus but we wish to note, as we did in the Martin case 319 F.2d at page 898: "that this disposition is without prejudice to relator's right to renew his petition in the District Court should relief be denied in the New York state courts." It is also without prejudice to renewal of the appeal on the present record, supplemented by what occurs if he renews his petition in the District Court.