**UNITED STATES of America ex rel. William A. WYNN, Petitioner-Appellant,**

v.

**Walter H. WILKINS, as Warden of Attica State Prison, Attica, New York, Respondent-Appellee.**

**No. 345, Docket 28340.**

United States Court of Appeals Second Circuit.

Argued March 2, 1965.

Decided March 16, 1965.

William P. Tucker, of Cullen & Dykman, Brooklyn, (Anthony F. Marra, The Legal Aid Society, John E. Murphy, Cullen & Dykman, Brooklyn, on the brief), for petitioner-appellant.

Joel Lewittes, Asst. Atty. Gen., New York City, (Louis J. Lefkowitz, Atty. Gen., of the State of New York, Samuel A. Hirshowitz, First Asst. Atty. Gen., Mortimer Sattler, Asst. Atty. Gen., on the brief), for respondent-appellee.

Before MOORE, KAUFMAN and HAYS, Circuit Judges.

KAUFMAN, Circuit Judge:

The petitioner, William A. Wynn, presently serving a life sentence for a felony-murder conviction, appeals from an order of the United States District Court for the Western District of New York denying his application for a writ of habeas corpus. Relying on the state court record, the District Court rejected Wynn's contentions that his conviction was unlawful because (a) inculpatory statements made during an unreasonable delay in arraignment and in the absence of counsel were admitted in evidence and (b) the ques-

tion of the voluntary character of the statements was improperly submitted to the jury.

 At this time, we need pass only on the second issue, as to which the law has changed significantly since the District Court's order. At petitioner's trial in Queens County Court, his counsel made no objection to the introduction of the incriminating statements. Nevertheless, the trial judge, following state practice as outlined in Stein v. People of State of New York, 346 U.S. 156, 73 S.Ct. 1077, 97 L.Ed. 1522 (1953),[1] submitted the issue of the voluntariness of these statements to the jury. Almost one year after the District Court denied petitioner's application the United States Supreme Court, in Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), decided that where the ultimate determination of the voluntariness of a defendant's inculpatory statements is left exclusively to the jury, the procedure violates the due process provision of the Fourteenth Amendment. The Court mandated that the issue of voluntariness must be properly determined prior to the admission of the statements to the jury which is adjudicating guilt or innocence, under procedures that adequately protect the defendant's right not to be convicted through the use of a coerced confession. And as we read the Court's opinion, when a federal court determines in a habeas corpus proceeding that a trial already concluded did not comport with these requirements, the issue of volun-

tariness should be initially and separately decided in "an adequate evidentiary hearing productive of reliable results" in the state courts. 378 U.S. at 393–394, 84 S.Ct. at 1790.

 In response to this, the New York Court of Appeals, after holding that Jackson v. Denno must be retroactively applied, outlined detailed procedures, by way of *coram nobis*, to provide the kind of state court evidentiary hearing required by the Supreme Court. People v. Huntley, 15 N.Y.2d 72, 255 N.Y.S.2d 838, 204 N.E.2d 179 (1965).[2] In light of these authorities, the State concedes that this case should be reopened in the New York courts because of the impermissible procedure used at the initial trial.

It follows, therefore, that since the petitioner has not exhausted his presently available state remedies, his application for federal relief is premature. 28 U.S.C. § 2254; Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); United States ex rel. Kling v. LaVallee, 306 F.2d 199 (2 Cir. 1962). For this reason only, we affirm the District Court's denial of the application for a writ of habeas corpus, and again note, as we did in United States ex rel. Bagley v. LaVallee, 332 F.2d 890, 892 (2 Cir. 1964), and United States ex rel. Emerick v. Denno, 328 F.2d 309, 310 (2 Cir. 1964), that this disposition is without prejudice to Wynn's right to renew his petition in the District Court should relief be denied in the New York state courts.

1. Under this procedure, where a question was raised about the voluntariness of a defendant's admissions or confessions, the trial court submitted that issue to the jury together with the other issues in the case. The jury was charged that if it found the confession or admission involuntary, it should disregard it entirely and determine guilt or innocence solely from the other evidence in the case, but if it found the statement voluntary, it was to determine its truth or reliability and give it corresponding weight. See

Jackson v. Denno, 378 U.S. 368 at 374–375, 84 S.Ct. 1774, 12 L.Ed.2d 908.

2. For future criminal trials New York State has adopted the so-called Massachusetts procedure which provides that the jury passes on voluntariness only after the judge has fully and independently resolved the issue against the accused and has made express findings upon the disputed fact question of voluntariness. People v. Huntley, 15 N.Y.2d at 77, 255 N.Y.S.2d at 843, 204 N.E.2d at 183.