**UNITED STATES of America ex rel. Floyd Edgar MARTIN, Relator-Appellant,**

v.

**Daniel McMANN, Warden of Clinton Prison, Dannemora, New York, Respondent-Appellee.**

**No. 107, Docket 27990.**

United States Court of Appeals Second Circuit.

Argued Oct. 1, 1964.

Submitted to the in banc Court May 26, 1965.

Decided July 23, 1965.

this order is entered by a quorum consisting of Circuit Judges Jones and Bell pursuant to 28 U.S.C.A. § 46(d).

H. Rauch, Deputy Asst. Atty. Gen., on the brief), for respondent-appellee.

Before LUMBARD, Chief Judge, and WATERMAN, MOORE, FRIENDLY, SMITH, KAUFMAN, HAYS and ANDERSON, Circuit Judges.*

PER CURIAM.

Martin's petition for habeas corpus alleges that the admission in evidence of two confessions, one taken after his arrest but before preliminary examination by a magistrate and the other after the examination, in his 1946 New York trial for first degree murder, violated his constitutional rights. When the case was last before us, 319 F.2d 897 (1963), we affirmed Judge Foley's order denying the petition, 208 F.Supp. 562 (1962), see also 187 F.Supp. 395 (1960), without reaching the merits, on the sole ground that, despite People v. Howard, 12 N.Y. 2d 65, 236 N.Y.S.2d 39, 187 N.E.2d 113 (1962), cert. denied, 374 U.S. 840, 83 S.Ct. 1893, 10 L.Ed.2d 1060 (1963), we were not convinced that New York on *coram nobis* would refuse to consider Martin's contention that his post-examination confession had been obtained in violation of his right to the assistance of counsel. New York having declined to do so, we vacated our order of affirmance and reinstated Martin's appeal. Since the argument on his behalf concerned the implications of Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964), and Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), we subsequently directed that his case be considered *in banc* along with six other appeals raising problems in that area.

Three weeks after our order of June 1, 1964, vacating our previous affirmance, the Supreme Court handed down its decision in Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), invalidating New York's procedure whereby the issue of the voluntariness of confessions such as Martin's was submitted to the jury without a

Charles A. Goldstein, New York City (Strasser, Spiegelberg, Fried & Frank, New York City) (Anthony F. Marra, The Legal Aid Society, New York City), for relator-appellant.

Joel Lewittes, Asst. Atty. Gen., New York City (Louis J. Lefkowitz, Atty. Gen. of New York; Samuel A. Hirshowitz, First Asst. Atty. Gen., Michael

* Circuit Judge Marshall did not participate in the decision of this case.

previous finding of voluntariness by a judge. People v. Huntley, 15 N.Y.2d 72, 255 N.Y.S.2d 838, 204 N.E.2d 179 (1965), makes it plain that, because of that ruling, Martin now is entitled to state *coram nobis* in which, aided by counsel, he may have the voluntariness of his confessions passed upon by a judge. Although it is not entirely clear whether the *coram nobis* hearing will embrace all the claimed denials of constitutional rights that Martin has asserted before us, the adequacy of the warnings given him and the lack of counsel are so closely related to the issue of voluntariness, see Haynes v. State of Washington, 373 U.S. 503, 83 S.Ct. 1336, 10 L.Ed.2d 513 (1963), that they seem certain to figure in the state hearing in some degree.

■ Since under any view Martin is entitled to a New York *coram nobis* hearing, we are persuaded that the interests of comity demand that the New York courts be given another opportunity to consider such of his claims as they may properly do under state law as it stands since People v. Huntley, without prejudice to his again seeking federal habeas corpus. United States ex rel. Bagley v. LaVallee, 332 F.2d 890 (2 Cir. 1964). See also Brooks v. Wainwright, 345 F.2d 641 (5 Cir. 1965). Among other considerations tending to that view is the fact that Martin's latest contentions before us would involve a rather extreme example of retroactive application of newly evolved constitutional principles or extensions of them. Recognizing that the age of the crime cuts both ways as to a man making serious constitutional claims who has been imprisoned for nearly twenty years, we believe it not amiss to intimate that perhaps under the circumstances the executive as well as the judicial branch of New York's government might think it wise to give consideration to Martin's case if in their judgment the facts warrant.

The order denying the petition is vacated,[1] with instructions to dismiss the petition without prejudice to its reinstatement if occasion for this should arise.

Charles A. Goldstein, Esq., assigned counsel, has rendered devoted and notably effective service to Martin on both arguments of his appeal. The Court is most grateful to him.

1. The result of our action is that there has been no binding federal determination of Martin's claims, and the New York courts are free to consider these afresh.