**UNITED STATES of America ex rel. John F. McBRIDE, Appellant,**

**v.**

**Hon. Edward M. FAY, as Warden of Green Haven Prison, Stormville, New York, Appellee.**

**No. 41, Docket 30165.**

United States Court of Appeals Second Circuit.

Argued Sept. 22, 1966.

Decided Dec. 27, 1966.

Robert I. Fisher, New York City (Anthony F. Marra, New York City, on the brief), for appellant.

Iris A. Steel, Deputy Asst. Atty. Gen., State of New York (Louis J. Lefkowitz, Atty. Gen., and Samuel A. Hirshowitz, First Asst. Atty. Gen., State of New York, on the brief), for appellee.

Before WATERMAN, MOORE and ANDERSON, Circuit Judges.

PER CURIAM:

Petitioner, together with two co-defendants, was convicted of robbery in the first degree in the County Court for Suffolk County, New York in 1957. During the trial, a confession of one of petitioner's co-defendants, inculpating petitioner, was admitted in evidence, but the jury was instructed that the statement could not be used against McBride. Also during the court's charge the jury was told on several occasions that the co-defendant's confession could not be used to convict McBride. On the objection of petitioner's counsel, the exhibits, including the confession, were not placed in the hands of the jury. After the jury had commenced its deliberations, it asked to be returned to the courtroom to hear the confession re-read. This was done but neither the petitioner nor his counsel was notified and neither was present, nor were the instructions repeated, cautioning the jury against the use of the confession to convict McBride. His direct appeal, through and including denial of certiorari by the United States Supreme Court, and his quest for a writ of habeas corpus through the state courts were based upon the claim that he was denied a fair trial because of the circumstances of the re-reading of the confession. He was denied relief. He then petitioned for a writ of habeas corpus on the same ground in the United States District Court which also denied his petition. It is from that denial that he appeals.

Now, however, relying on recent cases of the United States Supreme Court and of this court, Pointer v. State of Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d

923 (1965); United States ex rel. Floyd v. Wilkins, 367 F.2d 990 (2 Cir.1966); United States v. Bozza, 365 F.2d 206 (2 Cir.1966), he contends, in addition to the other claims, that the procedure employed in admitting the confession into evidence deprived him of his Sixth Amendment right to confront the witnesses against him. He argues that the many references to him in his co-defendant's confession, and the highly inculpatory nature of everything said about him in the statement, made it virtually impossible for the jury to convict the co-defendant without convicting him on the same evidence; that the other evidence in the case against him was scanty and that even under the holding in Delli Paoli v. United States, 352 U.S. 232, 77 S.Ct. 294, 1 L.Ed.2d 278 (1957), the circumstances were such that the jury could not reasonably be expected to have followed the court's instruction not to use the co-defendant's confession against him. Moreover, he asserts that the decision in Delli Paoli, which held that the admission, under proper instructions, of a co-defendant's confession in a joint trial was not prejudicial, has been weakened by subsequent cases, including Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), and, in any event, should not be followed in the circumstances of the present case.

These claims were not advanced by petitioner before he reached this court and were never considered by the state courts. Moreover, we cannot now separately consider the claim that the state courts have passed upon, and refuse to give thought to the additional Sixth Amendment claim, as tardily raised, because our approach to whether petitioner was denied a fair trial on account of the re-reading of the co-defendant's confession, would necessarily be affected by the Sixth Amendment claim explicated in the later decided case of Pointer v. State of Texas, supra. Therefore, we will not act until it is established that the petitioner is foreclosed from seeking consideration of his claim by the state courts. United States ex rel. Martin v.

McMann, 348 F.2d 896 (2 Cir. 1965); United States ex rel. Wynn v. Wilkins, 342 F.2d 777 (2 Cir. 1965); United States ex rel. Kling v. LaVallee, 306 F.2d 199 (2 Cir. 1962). It is incumbent on petitioner to show that the New York courts, at the present time, will not pass upon the claim which he has raised here. United States ex rel. Martin v. McMann, supra. As he does not do so, we must affirm dismissal of the writ. This dismissal is, of course, without prejudice, if the New York courts deny relief, to renewal of the petition in the district court, United States ex rel. Wynn v. Wilkins, supra; United States ex rel. Emerick v. Denno, 328 F.2d 309 (2 Cir. 1964).