◼ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ZAIN COOKS, Respondent.—Harvey, J. Appeal from an order of the County Court of Sullivan County (Hanofee, J.), entered January 23, 1985, which granted defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of robbery in the second degree, without a hearing.

On March 31, 1983, defendant appeared before Sullivan County Judge Scheinman, waived indictment and consented to be prosecuted by a superior court indictment for robbery in the second degree. After his waiver, defendant pleaded guilty as charged and the court, after allocution, accepted the plea. At sentencing on April 21, 1983, defendant endeavored to withdraw his plea, but his request was denied. He was then sentenced to a term of 2½ to 7½ years' imprisonment.

In April 1984, defendant moved to vacate the judgment of conviction and sentence; County Judge Hanofee granted the motion. We feel compelled to question County Court's authority to issue said order (see, CPL 470.15; *People v Patterson,* 39 NY2d 288, 295), or grant any form of relief, in view of defendant's position as stated by his attorney in his affidavit of December 14, 1984: "That I am in agreement with [the People] that a hearing is not necessary in this particular instance. Defendant's motion was made on the narrow ground that his plea allocution did not constitute an admission by the defendant of the crime to which he was pleading guilty. Within that limited scope, it is respectfully submitted to the court that the sufficiency of the defendant's allocution can be determined by reference to the minutes of the plea proceedings. Whether the plea was sufficient or insufficient, can be determined from that document, and there is no remaining issue to be resolved at a hearing."

A court does not have unlimited jurisdiction to entertain motions pursuant to CPL 440.10. The motion must be made upon one or more of the eight grounds set forth in the section (CPL 440.10 [1]). By defendant's own statement, the only basis for the motion was the alleged insufficiency of the allocution to sustain the plea. Such ground is not one of those established by the statute. Consequently, defendant never met the necessary threshold issue required to establish authority to make a decision on the merits (see, *People v Corso,* 40 NY2d 578, 580). Neither the statute nor its predecessor, the writ of error coram nobis, provides a remedy for a defect which appears on the record (see, *People v Donovon,* 107 AD2d 433, 443; *People v Reese,* 100 Misc 2d 951, 953; *People v Bye,* 95 Misc 2d 1031, 1035). The proper remedy is a direct appeal from the judgment of conviction (CPL 440.10 [2] [b]; *People v McGuire,* 13 AD2d 794, *cert denied* 368 US 866) which, in this instance, defendant chose not to perfect. Strict application of the statute serves a further purpose. It prevents a Judge from overruling a decision of a Judge of coordinate jurisdiction which was based upon the same record.

Finally, CPL 440.20 is inapplicable because the sentence itself did not create an issue.

Order reversed, on the law, defendant's motion denied and the conviction reinstated. Mahoney, P. J., Kane, Main, Levine and Harvey, JJ., concur.