Samuel M. Gold, J.
Defendants move for dismissal of the complaint pursuant to subdivisions 2 and 4 of rule 106 of the Rules of Civil Practice. They are charged as officers and directors of the corporation with fraudulently and wrongfully withdrawing and syphoning off to their own use assets belonging to the plaintiff, and that these wrongs occurred prior to July 1, 1959. Ordinarily this would be a stockholders’ suit, but the action is brought by the corporation. Defendants urge that all of the capital stock of the corporation was acquired on July 1, 1959 by its present sole stockholder, which would not qualify as a plaintiff stockholder to sue derivatively. Since all of the stockholders are barred, the corporation is likewise (General Corporation Law, § 61; Capital Wine & Spirit Corp. v. Pokr ass, 277 App. Div. 184, affd. 302 N. Y. 734), and if this appears on the face of the complaint it must be dismissed.
*262 Plaintiff urges that the alleged critical fact does not appear on the face of the complaint. However, it is alleged that the fraud occurred at the time £ £ when the shares of capital stock in said corporation were sold by said Kathryn Ford and Stellar Equipment Corporation in accordance with an agreement dated July 1,1959, and it was only after taking over said corporation that said matters were subsequently discovered.” Interesting as the fact of discovery may be, there was no need whatsoever for the inclusion of those allegations to state on behalf of the corporation a sufficient cause in conversion. Yet the fact is set forth and the words “ when the shares of capital stock in said corporation were sold 77 must be taken to mean all the outstanding stock. It is a matter of judicial notice that in the other actions pending in this court and to which plaintiff does refer, it does appear that on July 1, 1959 there was a purchase and sale of all of the capital stock. In effect, the plaintiff corporation is seeking through this action to obtain for its sole stockholder a benefit and value to which that stockholder at the time of acquisition was not entitled. If there was any fraud with respect to the sale and the matters in suit, the claim belongs to the stockholder.
The motion is granted and the complaint is dismissed. Settle order.