THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH TEBSHERANY, Appellant.— GREENBLOTT, J. Appeal from a judgment of the County Court of Madison County, rendered December 9, 1968, upon a verdict convicting defendant of the crime of burglary in the third degree, for which he was sentenced to an indeterminate term not to exceed five years. Appellant contends, *inter alia*, (1) the indictment inadequately described the crime of which he was accused; (2) he was absent from the courtroom when one of the jurors was selected; (3) Madison County Court never had jurisdiction of the case; (4) he was improperly denied the right to change his counsel; (5) his counsel made a prejudicial remark in his summation; (6) the District Attorney influenced the jury unfairly with misleading testimony; and (7) comments by the trial court throughout the trial conveyed to the jury an impression of his guilt. The indictment conformed to the simplified form permitted by section 295-d of the Code of Criminal Procedure. When considered together with the bill of particulars, appellant was sufficiently apprised of the nature and character of the crime charged and of the essential facts necessary to enable him to prepare his defense. (*People* v. *Berkowitz*, 14 Misc 2d 384, affd. 7 A D 2d 1031.) Furthermore, appellant's objection to the sufficiency of the indictment was not timely made, not having been raised before judgment. (*People* v. *Hendricks*, 31 A D 2d 982.) Likewise, appellant's objection to the selection of the jury is unavailing. Having informed the court that the jury as sworn was acceptable to him, he cannot at this late date raise an objection to one of its members. The contention that the Madison County Court was without jurisdiction is refuted by the record which contains the order of the Supreme Court transferring the case to County Court of Madison County. The trial court properly refused to permit the appellant to discharge his attorney. The application was made on the second day of a two-day trial after the prosecution had presented a large portion of its case. At that stage of the trial, a mistrial would have been necessary. The record does not reveal any dereliction of duty on the part of his attorney which would justify such drastic action. The remainder of appellant's contentions have been examined and found to be without merit. Judgment affirmed. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Greenblott, J.