In the Matter of JOE K. PACIONA, Petitioner, *v.* FREDERICK M. MARSHALL, as a Justice of the Supreme Court of the State of New York, et al., Respondents.

Fourth Department, September 19, 1974.

*Markel, Trammel & Santa Lucia* (*Thomas Santa Lucia* of counsel), for petitioner.

*Edward C. Cosgrove, District Attorney* (*Peter J. Notaro* of counsel), for respondents.

*Per Curiam.* Petitioner Paciona was indicted by an Erie County Grand Jury empaneled from a pool of jurors selected for service prior to January 1, 1974. On June 27, 1974 Special Term, Supreme Court, Erie County, in another case ruled that the pre-January 1, 1974 jury pool in Erie County was illegally and impermissibly constituted due to selection procedures which discriminated against women and intentionally and systematically excluded students (*People* v. *Attica Bros.,* 79 Misc 2d 492).

He was arraigned January 28, 1974 on the indictment charging him with homicide, pleaded not guilty and was given 30 days within which to bring on motions. Within 30 days he moved for inspection of the minutes of the Grand Jury and dismissal of the indictment based on the insufficiency of the evidence before the Grand Jury and the motion was denied.

On September 4, 1974 petitioner moved to dismiss the indictment on the same grounds urged here and brought an article 78 proceeding against the District Attorney. Both applications were denied.

Petitioner in this article 78 proceeding made returnable September 16, 1974 seeks an order of prohibition against the Trial Justice and the District Attorney urging as grounds that the Grand Jury pool from which the indictment returned against him was drawn had been drawn in violation of constitutional due process by reason of systematic exclusion of students and deliberate discrimination in the exclusion of women.

It is the general rule that an article 78 proceeding may not be employed to review a determination made in a criminal matter

(CPLR 7801; *Matter of Russell* v. *County Ct. of Chemung County*, 40 A D 2d 615; *Matter of Ward* v. *McQuillan*, 40 A D 2d 974; see, also, *Matter of Attica Bros.* v. *Additional Special and Trial Term of Supreme Ct.*, 45 A D 2d 10). However, an article 78 proceeding in the nature of prohibition is a proper remedy to restrain an inferior court from the unwarranted assumption of jurisdiction or from exceeding its authorized powers in a proceeding over which it has jurisdiction. Construed liberally (CPLR 3026) the petitioner in the proceeding before us seeks to enjoin the trial court from acting in excess of its jurisdiction by proceeding to trial on an illegal indictment. Therefore, his proper remedy falls within the boundaries of article 78 (*Matter of Seidenberg* v. *County Ct. of County of Rockland*, 34 N Y 2d 499; *Matter of Proskin* v. *County Ct. of Albany County*, 30 N Y 2d 15; *Matter of Lee* v. *County Ct. of Erie County*, 27 N Y 2d 432; *Matter of Hogan* v. *Court of General Sessions*, 296 N. Y. 1).

Intentional and systematic exclusion of cognizable classes such as women and students would appear to establish that the Grand Jury challenged was illegally constituted.

For purposes of determining the questions of law raised in the petition before us we are taking judicial notice of the testimony in the record in *People* v. *Attica Bros.* (*supra*) wherein the jury pool was held to be invalid (*Matter of Ordway*, 196 N. Y. 95; *Rossbach* v. *Rosenblum*, 260 App. Div. 206, affd. 284 N. Y. 745; *Ford Tank Maintenance Co.* v. *Ford*, 24 Misc.2d 261). The parties herein have stipulated that such testimony be used in lieu of ordering an evidentiary hearing. The record in that case shows that clerks in the office of the Erie County Commissioner of Jurors purposefully excluded women from lists of prospective jury members compiled prior to January 1, 1974 upon the presumption that most would exercise their statutory option of being exempted from service under subdivision 7 of section 665 of the Judiciary Law. Furthermore, the record shows that another employee of the jury commissioner's office may have disqualified prospective jurors who stated that they were students in response to a question regarding occupation on a questionnaire sent out by the commissioner of jurors' office.

A Grand Jury proceeding, defective under CPL 210.35 by reason of a Grand Jury being illegally constituted is subject to challenge and dismissal of an indictment returned by such Grand Jury by motion pursuant to CPL 210.20. The motion under CPL 210.20 must be made within 30 days of a plea of not guilty or later in the discretion of the Trial Judge if the interests of justice so require.

Such relief was not sought herein within the period prescribed by statute and no prejudice requiring relief in the interest of justice is suggested. Petitioner's application for a writ is without merit since he failed to avail himself of the relief by motion as permitted by the statute and this failure constituted a waiver of his right to object to the composition of the Grand Jury. (See *Davis* v. *United States*, 411 U. S. 233.)

Petitioner contends as did the petitioner in *Davis* v. *United States* (*supra*) in a post-conviction proceeding, that because of his allegation of a deprivation of a fundamental constitutional right his attack on the unconstitutional Grand Jury composition cannot be precluded by reason of its not being timely asserted in accordance with statutory law.

Under rule 12 (subd. [b], par. [2]) of the Federal Rules of Criminal Procedure, which is similar in purpose to CPL 210.20, "Defenses and objections based on defects in the institution of the prosecution or in the indictment * * * may be raised only by motion before trial" and failure to present such defects or objections "constitutes a waiver thereof, but the court for cause shown may grant relief from the waiver".

The Supreme Court in *Davis* where the claim was made of systematic exclusion of Negro jurymen held at page 242:

"We believe that the necessary effect of the congressional adoption of Rule 12 (b) (2) is to provide that a claim once waived pursuant to that Rule may not later be resurrected, either in the criminal proceedings or in federal habeas, in the absence of the showing of ' cause ' which that Rule requires. We therefore hold that the waiver standard expressed in Rule 12 (b) (2) governs an untimely claim of grand jury discrimination, not only during the criminal proceeding, but also later on collateral review." (See, also, *Shotwell Mfg. Co.* v. *United States*, 371 U. S. 341.)

The record clearly supports a finding that the composition of the Grand Jury resulted in no prejudice to the petitioner and no cause is shown that the interest of justice warrants an extension of petitioner's time to challenge the composition of the Grand Jury.

The proceeding should be dismissed.

MARSH, P. J., MOULE, SIMONS, MAHONEY and DEL VECCHIO, JJ., concur.

Application unanimously denied and petition dismissed, without costs.