Per Curiam.

The judgment of the Appellate Division dismissing the petition should be affirmed solely on the ground that an article 78 proceeding, in the nature of prohibition, is not the proper vehicle for reviewing an alleged defect in the Grand Jury selection process.
A determination in a criminal case is not reviewable in an article 78 proceeding, in the nature of prohibition, unless the court in making the determination exceeded its jurisdictional powers. (See CPLR 7801, subd. 2; e.g., Matter of Lee v. County Ct. of Erie County, 27 N Y 2d 432; Matter of Proskin v. County Ct. of Albany County, 30 N Y 2d 15.) Thus a claim that a Grand Jury was illegally impaneled because the court lacked the power to extend its term (Matter of Seidenberg v. County Ct. of County of Rockland, 34 N Y 2d 499) must be distinguished from a claim that a Grand Jury, properly ordered, was illegally selected. This latter objection may be raised, as it was originally in this case, by a motion to dismiss the indictment provided it is timely but in any event it may not be raised in an article 78 proceeding (CPL 210.20, 210.35; CPLR 7801). This is so because even where the alleged defect rises to constitutional dimensions, an objection to the selection process may be waived (cf. Davis v. United States, 411 U. S. 233). The court had the power to proceed on the indictment and prohibition does not lie. In view of this we need not, and do not, reach the merits.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Rabin and Stevens concur in Per Curiam opinion.
Judgment affirmed, without costs.