**Michael KELLY, Petitioner,**

v.

**Harold J. SMITH, Superintendent, Attica Correctional Facility, Respondent.**

**No. 76 C 850.**

United States District Court, E. D. New York.

Jan. 17, 1977.

Eleanor Jackson Piel, New York City, for petitioner.

Louis J. Lefkowitz, Atty. Gen., Ralph McMurry, New York City, for respondent.

## MEMORANDUM ORDER

NEAHER, District Judge.

Petitioner was convicted of the possession and sale of drugs in the Supreme Court of Kings County on March 14, 1972. On November 28, 1973, a *coram nobis* petition under New York Criminal Procedure Law § 440.10 was filed. Petitioner charged illegal grand jury composition by systematic exclusion of blacks. No objection to grand jury composition had been made at trial. Relief was denied by the Appellate Division on February 11, 1974, affirmed by the New York Court of Appeals on April 2, 1974. This petition for federal habeas corpus relief, containing the same charges as made in the State proceedings, was filed on July 20, 1974 in the Western District of New York, and was transferred on May 6, 1976 to this court.

*Exhaustion of State Remedies*

The Attorney General concedes the issue of exhaustion, reporting in a memorandum that records of the § 440.10 motion

reveal a denial on the merits by the Appellate Division.

Because petitioner failed to object to grand jury composition at the trial, there is some question as to whether the *coram nobis* petition *should* have been considered on the merits. *People v. Howard,* 12 N.Y.2d 65, 236 N.Y.S.2d 39, 187 N.E.2d 113 (1962); *United States ex rel. Cuomo v. Fay,* 257 F.2d 438 (2 Cir. 1958), teaches that

"[i]nvocation of an improper remedy will suffice as an exhaustion . . . on a clear indication that the federal question was considered on the merits." 257 F.2d at 442.

Here, the court concludes that consideration by the New York courts of petitioner's claim is sufficient to exhaust State remedies for the purposes of 28 U.S.C. § 2254(b).

*Waiver*

■ In *Francis v. Henderson,* 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976), the Supreme Court ruled that where State law imposed a waiver for failure to timely object to an unconstitutional grand jury indictment, federal courts would deny habeas corpus relief on the basis of "considerations of comity and concerns for the orderly administration of criminal justice." 425 U.S. at 539, 96 S.Ct. at 1710. A petitioner who failed to make a timely objection would be allowed a federal collateral attack only upon a showing of cause for the failure and a showing of actual prejudice.

Petitioner in the instant case failed to object within the time limit set by N.Y. CPL § 210.20, and offers no explanation or showing of actual prejudice.

*Francis,* however, involved a Louisiana statute which explicitly provided for waiver. The Court in *Francis* was careful to warn that

"[I]n a case where the state courts have declined to impose a waiver but have considered the merits of the prisoner's claim, different considerations would, of course, be applicable." 425 U.S. at 542, 96 S.Ct. at 1711, n. 5.

At the time of petitioner's conviction, N.Y. CPL § 210.20 provided that a motion charging defects in the grand jury proceedings

"should be made prior to entry of a plea of guilty or commencement of trial following a plea of not guilty. A motion made thereafter may be summarily denied . . . . The court, in the interest of justice and for good cause shown, may, in its discretion, entertain and dispose of the motion on the merits at any time before sentence."

Although the New York statute does not explicitly provide for waiver, the New York courts have by no means "declined to impose a waiver." *Paciona v. Marshall,* 45 A.D.2d 462, 359 N.Y.S.2d 360 (4th Dept.), *aff'd on other grounds,* 35 N.Y.2d 289, 360 N.Y.S.2d 882, 319 N.E.2d 199 (1974), holds that a failure to timely object to grand jury composition results in waiver. This case was decided after petitioner's conviction, but it confirms the natural assumption that the very existence of a statutory time limit logically implies waiver. Not only had a federal court in 1970 perceived a waiver result in the statute, *U.S.A. ex rel. Sabella v. Follette,* 316 F.Supp. 452 (S.D.N.Y.1970), but the New York decisions reveal a policy of routine denial of untimely objections except in extraordinary circumstances. *People v. Percy,* 74 Misc.2d 522, 345 N.Y.S.2d 276, *aff'd,* 45 A.D.2d 284, 358 N.Y.S.2d 434 (2d Dept. 1973); *People v. Tebsherany,* 34 A.D.2d 1045, 312 N.Y.S.2d 154 (3rd Dept. 1970); *People v. Hunt,* 32 A.D.2d 572, 298 N.Y.S.2d 1007 (3d Dept. 1969); *People v. Caron,* Co.Ct., 121 N.Y.S.2d 404 (1953).

The facts of these cases suggest that the New York courts will not consider an untimely objection to grand jury composition absent an explanation for the failure to timely object and a showing of prejudice. This is exactly the sort of situation in which the *Francis* court intended "considerations of comity and concerns for the orderly administration of criminal justice" to apply.

■ One last problem remains. *Francis* was not decided until after petitioner had filed his habeas corpus petition. This fact raises the issue of retroactivity.

In non-constitutional, non-criminal cases dealing with retroactivity, the Supreme Court has instructed that such decisions are to be retroactive unless a new principle of law is enunciated

"either by overruling clear past precedent on which litigants may have relied . . . or by deciding an issue of first impression whose resolution was not clearly fore-shadowed . . . ."

*Chevron Oil Co. v. Huson,* 404 U.S. 97 at 106, 92 S.Ct. 349 at 355, 30 L.Ed.2d 296 (1971). See also *Hanover Shoe, Inc. v. United Shoe Machinery Corp.,* 392 U.S. 481, 88 S.Ct. 2224, 20 L.Ed.2d 1231 (1968).

A case of first impression, *Francis* over-ruled no "clear past precedent," and its resolution *was* "clearly foreshadowed."

In *Davis v. United States,* 411 U.S. 233, 93 S.Ct. 1577, 36 L.Ed.2d 216 (1973), decided before final rejection of petitioner's *coram nobis* application, the Supreme Court ruled that since an untimely claim of grand jury discrimination by a *federal* prisoner result-ed in waiver under Rule 12(b)(2) of the Federal Rules of Criminal Procedure, the waiver would also apply to a subsequent habeas corpus proceeding. Given the tradi-tional policies of federalism at work in ha-beas corpus (for example, in the exhaustion requirements), it is but a short step from *Davis* to *Francis.*

Even *Davis* was foreshadowed by *Parker v. North Carolina,* 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970). In *Parker v. North Carolina,* State law imposed a waiver for failure to timely object to grand jury composition. The State courts had denied postconviction relief on this basis and the Supreme Court concluded that the existence of "an adequate state ground" precluded consideration of the merits on a writ of certiorari. *Francis,* then, is but an exten-sion of a policy evidenced in a number of earlier, related decisions.

The decision in *Francis* bars consideration of petitioner's claim.

Accordingly, the petition for a writ of habeas corpus must be denied.

SO ORDERED.