John J. Walsh, J.
The indictment in this case charges that, "The said defendant, on or about the 5th day of June, 1976, at the city of Utica, in this county, did knowingly enter and remain unlawfully in a building known as Ten Pin Tavern located at 220 Eagle Street, with intent to commit a crime therein.”
The People have filed an answer to the effect that the motion is untimely, since the time for making motions has expired. Jurisdictional defects in an indictment survive even a plea of guilty. (People v Hassin, 48 AD2d 705.) This motion is therefore timely.
When we come to consider the merits of the motion, research fails to disclose any decision in this State which specifically passes upon the particular issue raised here, namely, must the indictment spell out the particular crime which the perpetrator of the burglary intended to commit therein?
"It will be seen by reference to the definition of burglary that a felonious intent is one of the necessary elements of the crime. The intent must be proved as laid in the indictment.” (People v Kelley, 253 App Div 430, 432.)
Intent, being a state of mind, is rarely susceptible of direct proof. As the Court of Appeals said in McCourt v People (64 NY 583, 586): "Whether the criminal intent existed in the mind of a person accused of crime at the time of the commis *496 sion of the alleged criminal act, must of necessity be inferred and found from other facts which in their nature are the subject of specific proof; and for this reason it is, that the other constituents of the crime being proved, it must, ordinarily, be left to the jury to determine, from all the circumstances, whether the criminal intent existed.”
While consummation of the intent is not necessary, the entry with intent to commit a crime is sufficient to constitute the crime of burglary.
An indictment must contain: "7. A plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting every element of the offense charged and the defendant’s or defendants’ commission thereof with sufficient precision to clearly apprise the defendant or defendants of the conduct which is the subject of the accusation;” (CPL 200.50, subd 7).
A valid indictment must thus include (a) the essential elements of the offense charged; (b) sufficient description of them to inform defendant as to the nature and cause of his accusation; and (c) a description complete enough to enable defendant to plead a prior jeopardy. (Russell v United States, 369 US 749, 763-764.)
While an unlawful and knowing entry of a building is usually the first step toward the commission of some future criminal act in the invaded premises, there is no presumption that it is done for the purpose of such a criminal act. There must be some circumstance from which a jury may determine intent and it may not infer the intent to commit a crime merely from the entry itself.
It seems to be the universal rule in sister States that an indictment which merely charges a burglary "with intent to commit a crime” is defective on its face. (Gomez v People, 162 Col 77; Henson v People, 166 Col 428; Martinez v People, 163 Col 503 [even where there is a separate larceny count, but the same is not incorporated in the burglary count]; State v Deedon, 56 Del 49; State v Allen, 186 NC 302; State v Cooper, 288 NC 496; State v Norwood, 289 NC 424; Hooks v State, 154 Tenn 43; People v Schiaffino, 73 Cal App 357; Adkins v State, 389 P 2d 915 [Alaska].)
In United States v Thomas (444 F2d 919, 921), the Court of Appeals of the District of Columbia held that a burglary indictment which alleged that it was "with intent to commit any criminal offense therein” was defective on its face and *497 could not be cured by a bill of particulars. In line with its opinion, it also could not be cured by a motion to amend. Said the court (pp 921-922) "An indictment drawn simply in the language of the District’s burglary statute thus does not allege with sufficient particularity, the offense with which appellant was charged. As so drawn, it describes the offense only in impermissibly broad and categorical terms. In order to achieve the requisite degree of precision, we hold, in accordance with the great weight of authority [citing cases], that the indictment must state the particular offense the accused intended to commit upon entry into the dwelling”.
The court then went on to explain the reasons why defendant’s rights were impaired by such imprecision. "Under the circumstances of this case, the principal harm suffered by the appellant because of the lack of precision in the indictment results from his inability to discern the specific underlying offense, if any, that the grand jury had in mind when it returned the indictment. We recognize that ordinarily under the present modernized rules of federal criminal procedure an indictment drawn in the language of a statute, but which fails to allege a particular fact which the accused is entitled to know, can be cured of such defect through the use of a bill of particulars. This is not true, however, when the omitted fact is a material element of the offense. In such circumstances, to permit the omission to be cured by a bill of particulars would be to allow the grand jury to indict with one crime in mind and to allow the U. S. Attorney to prosecute by producing evidence of a different crime. Such imprecision in a grand jury indictment cannot be permitted. To do so would make it possible for the U. S. Attorney to usurp the function of the grand jury by supplying an essential element of the crime and, in many cases, would violate due process by failing to give the accused fair notice of the charge he must meet” (pp 922-923).
In People v Taylor (43 AD2d 519), the First Department ruled that an indictment charging larceny as the intended crime may not be amended to substitute the word "assault”.
CPL 210.25 provides that an indictment should not be dismissed as defective where the defect is "of a kind that may be cured by amendment, pursuant to section 200.70, and where the people move to so amend.” The defect herein may not be cured by amendment pursuant to CPL 200.70. Therefore, the indictment must be dismissed. In accordance with *498 CPL 210.45 the prosecution is authorized to resubmit this charge to a Grand Jury.