Irving Lang, J.
Defendant, one of approximately 200 individuals charged with burglary in the third degree, in connection with alleged looting activity during the blackout of July 13 and 14, 1977, has moved to dismiss the indictment for legal insufficiency.
The indictments in virtually all these cases contain essentially the same language, differing only in time and place. The purported defect is that, while the indictments follow statutory language in charging entry "with intent to commit a crime” (Penal Law, § 140.20), the indictments do not particularize which crime was intended. Since the indictments do not assert "facts supporting every element of the offense” (CPL 200.50, subd 7), it is contended that the indictments are legally insufficient. (Cf. People v Gilligan, 42 NY2d 969.) Such defect, it is claimed, can be cured neither by amendment (CPL 200.70, subd 2, par [b]) nor by a bill of particulars (see People v Barnes, 44 AD2d 740).
In support of his argument defendant cites the recent case of People v Smith (90 Misc 2d 495).
In Smith the court stated (p 495) that "research fails to disclose any decision in this State which specifically passes upon the particular issue raised here, namely, must the indictment spell out the particular crime which the perpetrator of the burglary intended to commit therein?” The court then properly looked to other States, a number of which adhere to the common-law rule that (p 496) "an indictment which merely charges a burglary 'with intent to commit a crime’ is defective on its face.” The rationale behind this reasoning was stated by the United States Court of Appeals for the District of Columbia in United States v Thomas (444 F2d 919) cited and quoted in Smith. The court in Thomas *627 stated that permitting the prosecutor to cure the defect by a bill of particulars (pp 922-923) "would be to allow the grand jury to indict with one crime in mind and to allow the U.S. Attorney to prosecute by producing evidence of a different crime.” This imprecision, said the Thomas court (p 923) "would violate due process by failing to give the accused fair notice of the charge he must meet”.
I am not persuaded by this reasoning. An indictment should be construed liberally and should not be dismissed for technical or impractical objections, so long as there is no prejudice to any substantial right of the defendant (People v Farson, 244 NY 413). The danger which concerned the court in Thomas (supra) is more apparent than real. For by requiring the People to particularize the crime or crimes allegedly intended by the purported burglar, a motion to inspect Grand Jury minutes would subject the indictment to dismissal if the prosecutor changed theories after the Grand Jury presentation. To require the District Attorney to represent 200 cases to the Grand Jury just to have him add the words "to wit, larceny” to the indictment is hardly rational when a bill of particulars could accomplish the same end without any prejudice to the defendant (CPL 200.90; People v Tebsherany, 34 AD2d 1045).
Further, research by a Columbia law student[1] has uncovered an 1863 case decided by the New York Court of Appeals dealing directly with this issue.
In Mason v People (26 NY 200), the defendant appealed from a burglary conviction on an indictment which alleged a breaking and entering "with intent to commit some crime therein.” With respect to the point that the indictment failed to state what crime the defendant intended to commit, the opinion by Emott, J., states (p 202): "The defect, however, is one of form, not of substance. The indictment charges the crime of burglary in the language of the statute, but not with that degree of particularity which the rules of criminal pleading require and the prisoner had a right to demand. Such a defect might have been taken advantage of by demurrer, or by objection to the evidence at the trial. There was, however, no demurrer * * * nor was the point raised in any manner in the court below. * * * Such an objection as is now made to the *628 form of the indictment in respect to particularity, comes too late upon writ of error after judgment.”
Thus, although it is dicta, Judge Emott’s opinion appears to agree with the position of the defendant in the instant case, whose pretrial motion to dismiss is timely made.
However, the Mason opinion, affirming the conviction, concludes as follows (p 203): "Selden, J., concurred in this opinion: all the other judges also concurred, except they thought that the indictment was good, and that the objection to it would have been unavailing if taken in time.” (Emphasis supplied.)
In the year 1863 there was a total of eight Judges on the Court of Appeals, pursuant to the Constitution of 1846. Four of the Judges were elected to the Court of Appeals. The remaining four seats were filled by Supreme Court Justices who served on a rotating basis — status ex officio.
All eight Judges sat on the Mason case. They were Court of Appeals Judges Denio (Chief Judge), Davies, Wright and Selden and Supreme Court Justices Emott, Rosekrans, Balcom and Marvin.[2]
Hence, six of the eight Judges of our highest court in Mason maintained that a burglary indictment which failed to allege what crime was intended was nevertheless legally sufficient.
The principle of the Mason case was reiterated in 1887 in People v Richards (44 Hun 278, 283; 5 NY Crim Rep 355, 363). In that case the Supreme Court General Term for the Fourth Department (apparently the equivalent of the current Appellate Division) held, citing Mason, that "It was not necessary to specify what kind of felony was intended in the indictment for burglary”.
Of course, it may be argued that the Mason case is more than 100 years old and that the opinion of the majority was not directly related to the unanimous holding in the case.
With respect to the age of the case, absent changes in statute, decisional law, or constitutional requirements, lower courts must be bound by rulings of their highest courts of whatever vintage. And, although the majority’s opinion is dicta, it clearly must carry greater weight than the holdings of courts in other jurisdictions.
Finally, it might very well be the law in New York State *629 that the prosecution is not required to particularize the crime intended to be committed in a burglary. In People v Gilligan (42 NY2d 969, supra) the Court of Appeals upheld a jury verdict of attempted burglary in the third degree, stating as follows: "Defendant and another person were observed breaking in the front door of a liquor store in the early morning hours of Thursday, January 9, 1975. That defendant intended to commit a crime on entering the building — a necessary element of the crime of burglary in the third degree (Penal Law, § 140.20) — could be inferred beyond a reasonable doubt from the circumstances of the breaking. The defense rested at the close of the People’s case; no evidence was introduced on the basis of which it could be contended that the breaking was for a lawful purpose.” According to the office of the Jefferson County District Attorney, the indictment in Gilligan merely alleged an intent to commit a crime therein, without specifying what crime was intended. It is unclear as to whether a specific attack on the validity of the indictment was made or whether there was a request for a bill of particulars.
The motion to dismiss is denied.

. Maurice Mathis, a student in the Columbia University Law School criminal clerkship program, assigned to this court by instructor and Judge Harold Rothwax.

. The court expresses its appreciation to John P. Asiello, Confidential Clerk of the Court of Appeals, for the historical information.